Santo LANZAFAME in his fiduciary capacity as a Trustee for the Pointers, Cleaners & Caulkers Welfare, Pension & Annuity Funds, and as President of the Bricklayers and Allied Craftworkers Local Union No. 1, B.A.C.I.U., AFL–CIO, Plaintiffs,

v.

TOQUIR CONTRACTING, INC., Toquir H. Malik a.k.a. Malik Toquir, Jane and/or John Doe Fiduciary, New York Stone Company, Inc. and Arch Insurance Company, Defendants.

No. 04–CV–5365 (JG)(RER).

United States District Court,
E.D. New York.

June 15, 2007.

Carol G. Dell, Marion Myungjin Lim, Holm & O'Hara, LLP, William Edward Nagel, Nagel Law Office, New York, NY, for Plaintiffs.

John Andrew Kokolakis, Kokolakis & Associates, Brooklyn, NY, John L. Russo, Law Offices of John L. Russo, Astoria, NY, for Defendants.

## REPORT AND RECOMMENDATION

RAMON E. REYES, JR., United States Magistrate Judge.

### Introduction

Plaintiff Santo Lanzafame, as trustee of the Pointers, Cleaners & Caulkers Welfare, Pension & Annuity Funds (the "Funds"), and president of the Bricklayers and Allied Craftworkers Local Union No. 1, B.A.C.I.U., AFL–CIO (the "Union"), brings this action against defendants, Toquir Contracting, Inc. ("Toquir Contracting") and Toquir H. Malik ("Malik"), alleging that they violated the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132

("ERISA") and the Labor–Management Relations Act of 1947, as amended, 29 U.S.C. §§ 141 *et seq.*, by failing to make the required contributions to the Funds and the Union.

In light of defendants' failure to defend against the general delinquency claim in this action, plaintiffs moved for default judgment on May 18, 2007. Docket Entry 37. Upon plaintiffs' application, on May 21, 2007, the Clerk of the Court noted the default of defendants pursuant to Fed. R.Civ.P. 55(a). The Honorable John Gleeson referred plaintiffs' motion for default judgment to me for a Report and Recommendation on the appropriate remedy, if any. Electronic Order dated 5/29/07. Plaintiffs have submitted the affidavit of Carol G. Dell ("Dell Aff.") and the May 25, 2006 audit ("May 2006 Audit"), in support of their application for damages. Docket Entry 37.

For the reasons which follow, I respectfully recommend that plaintiffs' motion be granted, and that judgment be entered as described below.

### Facts

The Funds are jointly trusteed, multi-employer, labor-management trust funds within the meaning of ERISA. Complaint ¶ 4; *see also* 29 U.S.C. §§ 1002(1)-(3), (37), 1132(d)(1) and 1145. Defendants entered into a collective bargaining agreement ("2000 CBA") with the Union and the Building Restoration Contractors Association for the period of July 1, 2000 through June 30, 2004. *Id.* ¶ 15. Defendants entered into an additional collective bargaining agreement ("2004 CBA") with the Union and the Building Restoration Contractors Association for the period of July 1, 2004 through June 30, 2008. *Id.* ¶ 22. Pursuant to the terms of the 2000 CBA and 2004 CBA, defendants are required to pay fringe benefit contributions and dues to the Funds and the Union for all work performed by defendants' employees who are covered by the CBAs. *Id.* ¶ 29. The amount to be contributed is determined by a rate set in the CBAs. *Id.* Although duly demanded, plaintiffs allege that defendants failed to make the required contributions to the Funds in the amount of $25,459.57 for the periods December 2003 and October 2004 through December 2004. Dell Aff. ¶¶ 44, 45. Plaintiffs allege that defendants owe the Union $1,754.24 in dues for the same periods. *Id.* ¶¶ 49, 50.

On December 7, 2004, plaintiffs filed the instant action seeking unpaid contributions, interest on the unpaid contributions, liquidated damages, attorney's fees and costs, and an order compelling defendants to submit to an audit. Docket Entry 1. Toquir Contracting was served on December 22, 2004, and Malik was served on December 27, 2004. Docket Entries 2, 3. Defendants answered the complaint on December 21, 2005. Docket Entry 15. On April 26, 2006, with leave of this court, plaintiffs amended their complaint and added two defendants, New York Stone Company, Inc. ("NYS") and Arch Insurance Company ("Arch"). Docket Entry 17. Plaintiffs entered into a settlement agreement with NYS and Arch dated November 27, 2006, and the case was voluntarily dismissed against these defendants on January 17, 2007. Electronic Order dated 1/17/07. On November 27, 2006, plaintiffs settled certain claims against Toquir Contracting and Malik. Dell Aff. ¶ 15. Therefore, the instant motion for default judgment is with respect to only the general delinquency claim. To date, defendants have failed to file an answer to plaintiffs' amended complaint.

### Discussion

A. *Liability*

Once a default judgment is entered, a defendant is deemed to have admitted all

of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992); *Montcalm Pub. Corp. v. Ryan*, 807 F.Supp. 975, 977 (S.D.N.Y.1992).

The allegations in plaintiffs' complaint establish the elements of liability required to state a claim under § 1145 of ERISA. Section 1145 states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall ... make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Plaintiffs allege that defendants entered into a collective bargaining agreement with the Union under which defendants were obligated to make contributions to the Funds and that defendants failed to make such contributions. Complaint ¶¶ 15–32, 54.

### B. *Damages*

 Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id.* An evidentiary presentation is required so that the court may ensure that there is a basis for the damages sought before entering judgment in the amount demanded. *Fustok v. Con-*

*tiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir.1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir.1991); *Fustok*, 873 F.2d at 40. Plaintiffs in this case seek an award of $88,463.67 [1] which consists of unpaid contributions, interest on the unpaid contributions, liquidated damages, unpaid dues and assessments, interest on the unpaid dues and assessments, audit costs, as well as attorney's fees and costs. Dell Aff. ¶ 64(1). Defendants have not submitted any opposition to the papers submitted by plaintiffs. Accordingly, a hearing is not warranted.

A plaintiff who has established liability under Section 1145 is entitled to an award of: 1) the amount of unpaid contributions; 2) interest on the unpaid contributions; 3) liquidated damages; 4) reasonable attorney's fees and costs, and 5) such other legal and equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Plaintiffs seek unpaid contributions to the Funds in the amount of $25,459.57 for the periods of December 2003 and October 2004 through December 2004. Dell Aff. ¶¶ 44, 45. Plaintiffs also seek $1,754.24 [2] in unpaid dues to the Union for the same period. Dell Aff. ¶¶ 49, 50. According to the terms of the CBAs, the interest on unpaid contributions accrues at a rate of 10% per annum. Dell Aff. ¶ 47, Exh. M. The total amount of interest on the unpaid contributions due to the Funds from each due date through May 18, 2007 [3] is

---

1. The Dell Affidavit incorrectly requests damages in the amount of $88,463.65.

2. Both the unpaid contributions and unpaid dues were calculated based on the May 2006 Audit. Dell Aff. ¶¶ 45, 50, Exh. L.

3. Plaintiffs use this date for purposes of interest calculation, estimating as close as possible to the date of actual judgment.

$6,297.98. Dell Aff. ¶ 47. Pursuant to New York Civil Law and Practice Rules §§ 5001 and 5004, the Union is entitled to pre-judgment interest on the unpaid dues at a rate of 9% per annum. The total amount of interest on the unpaid dues is $392.15. Dell Aff. ¶ 52. Therefore, it is recommended that plaintiffs be awarded $33,903.94 for unpaid contributions and interest to the Funds and unpaid dues and interest to the Union.

In addition, plaintiffs are entitled to liquidated damages in an amount equal to the greater of: 1) the interest on the unpaid contributions, or 2) an amount provided for under the plan that is no greater than 20% of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(i),(ii). Plaintiffs have elected liquidated damages in the amount of the interest on the unpaid contributions, or $6,297.98. Dell Aff. ¶ 48. Accordingly, it is respectfully recommended that plaintiffs be awarded $6,297.98 in liquidated damages.

Plaintiffs also seek to recover attorney's fees. An award of fees and costs is mandatory pursuant to 29 U.S.C. § 1132(g)(2)(D). In addition, the parties agreed in the CBAs that defendants would be liable for attorney's fees and costs incurred in this action. Dell Aff. ¶ 32. As directed by the Second Circuit in *New York State Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983), plaintiffs have submitted an affirmation of their attorney's fees and contemporaneous time records from November 2004 through May 17, 2007. Dell Aff. ¶ 53, Exh. N. Plaintiffs assert that they incurred $44,202.00 in attorney's fees and $2,597.75 in costs. Dell Aff. ¶ 53.

Plaintiffs' counsel asserts she and her associates expended approximately 296 hours in litigating this case, negotiating a settlement and seeking the instant default judgment, which I find reasonable. Dell

Aff. ¶ 53. The rates for work performed by an attorney range from $140–$210 per hour, which I also find reasonable. Dell Aff., Exh. N; *see Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.,* 215 F.R.D. 60, 64 (E.D.N.Y.2003) (finding rates of $400 for a partner and $180 for a third-year associate reasonable); *New Leadership Comm. v. Davidson,* 23 F.Supp.2d 301, 310 (E.D.N.Y.1998) (finding rates of $275 for a partner and $200 for an associate reasonable). Accordingly, I recommend an award of $44,202.00 in attorney's fees.

Counsel also asserts that she incurred $2,597.75 in costs which consists of filing fees, service and process, and miscellaneous costs such as postage and photocopying fees. Dell Aff. ¶ 53, Exh. N. "A court will generally award 'those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients.' " *See LaBarbera,* 2006 WL 3422645, at *4 (citing *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 283 (2d Cir.1987)). Such costs include postage and photocopying charges. *Id.* (award of costs included photocopying charges and postage); *see also Labarbera,* 2006 WL 2829006, at *5 (awarding miscellaneous expenses including photocopies and postage). I find this amount reasonable, and therefore recommend that plaintiffs be awarded $2,597.75 in costs.

Plaintiffs also seek $1,462.00 for the cost of the May 2006 Audit. "ERISA provides that a civil action may be brought by a fiduciary to obtain appropriate equitable relief to enforce any provisions of the terms of the plan...." *Carpenters Amended & Restated Health Ben. Fund v. John W. Ryan Constr. Co.,* 767 F.2d 1170, 1175 (5th Cir.1985) (plan fiduciaries were entitled to recover audit expenses). Included in the CBAs are provisions providing for

the compensation of audit costs upon a finding of delinquency. Dell Aff. ¶ 56. Therefore, I recommend an award of $1,462.00 in audit costs for the May 2006 Audit.

Plaintiffs seek an order compelling defendants to submit to an audit of its financial records so that they may ascertain the amount, if any, of unpaid contributions that are due and owing to the Funds. Dell Aff. ¶¶ 59–64. In an ERISA action, a successful plaintiff is entitled to "such other . . . equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). Such relief necessarily includes an injunction compelling defendants to submit to an audit of its financial records, as required by the terms of the CBAs. *E.g., Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559, 581, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985) (recognizing right of employee benefit plan fiduciaries to conduct ERISA audits); *Mingoia v. Am. Lath & Plaster Co., Inc.,* No. 03 Civ. 6491, 2004 WL 2782010, at *3 (S.D.N.Y. Dec. 2, 2004) (granting an injunction requiring defendant to cooperate in audit); *Mason Tenders Dist. Council Welfare Fund v. Duce Constr. Corp.,* No. 02 Civ. 9044, 2003 WL 1960584, at *3 (S.D.N.Y. Apr. 25, 2003) (same). Accordingly, plaintiffs should be granted an injunction compelling defendants to comply with the reporting terms of the CBAs, and submit to an audit of its financial records from January 1, 2006 through the present.[4] Following the audit, plaintiffs should be permitted to seek an amended judgment against defendants upon the discovery of any unpaid contributions, interest, and/or audit costs.

Finally, plaintiffs seek an order essentially enforcing Article XVII of the 2004 CBA, which requires the creation of a surety bond. Article XVII, Section 1 mandates that any employer covered by this CBA must provide a surety bond the minimum value of which is $50,000 or $5,000 per employee. Dell Aff., Exh. G. Article XVII, Section 2 demands any employer under the CBA that has not provided the signature of an appropriate individual willing to submit to personal liability pursuant to Article XXXIII must furnish a surety bond the minimum value of which is $35,000 or $3,500 per employee multiplied by the number of employees. *Id.* Although plaintiffs fail to make clear what section of Article XVII entitles them to the issuance of a surety bond, plaintiffs have requested a surety bond in the amount of $35,000 or $3,500 per employee, whichever is greater. Dell Aff. ¶ 61.

Assuming plaintiffs are asking the court to enforce Section 2 rather than Section 1 of Article XVII, the court sees little support for plaintiffs' request. As plaintiffs state in their complaint, defendant Malik signed Article XXXIII, thereby becoming personally liable for any obligations of the employer under the 2004 CBA. Complaint ¶¶ 15–17. Having assumed such responsibility, defendants are not required under Section 2 to provide a surety bond. Even assuming plaintiffs are asking the Court to enforce Section 1, plaintiffs have provided no evidence that defendants failed to provide the Trustee with a $50,000 or $5,000 per employee surety bond. Therefore, I recommend that plaintiffs' request for an order requiring defendants to post a surety bond be denied.

### Conclusion

For the foregoing reasons, I respectfully recommend that default judgment be en-

---

4. This time period reflects the amount of time that has passed since the May 2006 Audit, which reviewed defendants' records from September 1, 2002 through December 31, 2005. Dell Aff. ¶ 45.

tered against defendants Toquir Contracting and Malik: (1) in the amount of $88,463.67, comprised of $40,201.92 in statutory damages, $46,799.75 in attorney's fees, and $1,462.00 in audit costs; (2) granting plaintiffs' request for injunctive relief compelling defendants to comply with the reporting terms of the CBAs and submit to an audit of its financial records so that plaintiffs may ascertain the amount, if any, of unpaid contributions due and owing for the period January 1, 2006 through the present; (3) permitting plaintiffs, upon completion of the audit and upon submission of evidentiary support, to petition the Court for an amended judgment to reflect specific amounts for damages and attorney's fees.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable John Gleeson within ten days of receiving this Report and Recommendation. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989). Plaintiffs are hereby directed to serve copies of this Report and Recommendation upon defendants at their last known address, and to file proof of service with the Clerk of the Court no later than June 22, 2007.